UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) THOMAS CATALONI and<br>(2) MICHAEL KENNEDY,<br><br>Defendants | Criminal No. 22cr10299<br><br>Violations:<br><br>Count One: Money Laundering Conspiracy<br>(18 U.S.C. § 1956(h))<br><br>Count Two: Conspiracy to Smuggle Goods into the United States<br>(18 U.S.C. § 371)<br><br>Count Three: Smuggling Goods into the United States<br>(18 U.S.C. § 545)<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(1)) |

INDICTMENT

At times relevant to this Indictment:

General Allegations

1. Defendant Thomas CATALONI ("CATALONI") resided in Walpole, Massachusetts.

2. Defendant Michael KENNEDY ("KENNEDY") resided in Canton, Massachusetts.

3. Castle Gate Investments was a Massachusetts limited liability company over which CATALONI exercised control and management.

4. Kennedy Global Investments was a Massachusetts company over which KENNEDY exercised control and management.

United States Customs Laws

5. The United States Customs and Border Protection was an agency of the United

States Department of Homeland Security that was tasked with, among other things, the enforcement of laws and regulations concerning the importation and introduction of items into the United States from other countries.

6. In accordance with 19 C.F.R. § 148.11, "all articles brought into the United States by any individual must be declared to a CBP [Customs & Border Protection] officer at the port of first arrival in the United States."

7. When a person comes into the United States, that person (or family if applicable) is required to declare on a Customs Declaration Form 6059B ("Form 6059B"), or otherwise, if that person (or family if applicable) has commercial merchandise, that is articles for sale, samples used for soliciting orders, or goods that are not considered personal effects. In addition, residents of the United States are required to declare on Form 6059B the total value of all goods, including commercial merchandise, that he or she (or family if applicable), has acquired abroad.

## Overview of Money Laundering Conspiracy

8. From in or about January 2018 through in or about November 2018, CATALONI, KENNEDY and others, known and unknown to the Grand Jury, conspired to engage in monetary transactions of more than $10,000 by, through, or to a financial institution, related to the illegal smuggling and transfer of precious metals from Colombia into the United States.

## Manner and Means of Money Laundering Conspiracy

9. Among the manner and means by which CATALONI, KENNEDY and coconspirators known and unknown to the Grand Jury carried out the money laundering conspiracy were the following:

    a. CATALONI, KENNEDY and others, known and unknown to the Grand Jury, received investments for the purpose of illegally smuggling precious

2

metals from Colombia into the United States.

b. CATALONI, KENNEDY and others, known and unknown to the Grand Jury, used and caused to be used bank accounts in the United States that they controlled to receive funds for the purchase of precious metals in Colombia.

c. CATALONI, KENNEDY and others, known and unknown to the Grand Jury, transferred and caused to be transferred funds to bank accounts in Colombia that they controlled for the purchase of precious metals in Colombia.

d. CATALONI, KENNEDY and others, known and unknown to the Grand Jury, caused funds to be wired and deposited into bank accounts that they controlled after precious metals were sold to dealers in the United States.

Acts in Furtherance of the Money Laundering Conspiracy

10. From in our about January 2018 through in or about November 2018, CATALONI, KENNEDY and others, known and unknown to the Grand Jury, committed and caused to be committed the following acts, among others, in furtherance of the money laundering conspiracy:

11. On or about June 5, 2018, CATALONI caused a wire of approximately $100,000 to be made to the bank account for Castle Gate Investments that was property derived from the illegal smuggling of precious metals.

12. On or about October 10, 2018, two checks in the amounts of $48,886 and $126,949 were deposited into the Kennedy Global Investments bank account.

13. On or about November 1, 2018, KENNEDY caused a wire of approximately $29,975 that was property derived from the illegal smuggling of precious metals.

Object of Conspiracy to Smuggle Precious Metals Into the United States

14. From in or about January 2018 through in or about November 2018, CATALONI, KENNEDY and others, known and unknown to the Grand Jury, conspired to smuggle precious metals into the United States.

Manner and Means of the Conspiracy to Smuggle

15. Among the manner and means by which CATALONI, KENNEDY and coconspirators known and unknown to the Grand Jury carried out the conspiracy to smuggle were the following:

    a. CATALONI, KENNEDY and others, known and unknown to the Grand Jury, concealed and hid or caused to be concealed and hidden precious metals from authorities as those precious metals were transported from Colombia to the United States.

    b. CATALONI, KENNEDY and others, known and unknown to the Grand Jury, failed to declare precious metals to authorities at the border of Colombia at the point of departure.

    c. CATALONI, KENNEDY and others, known and unknown to the Grand Jury, failed to declare precious metals to authorities at the border of the United States at the point of arrival.

Acts in Furtherance of Smuggling Conspiracy

16. On or about June 3, 2018, CATALONI brought and caused to be brought platinum into the United States that was not declared to Customs authorities upon arrival in the United States.

17. On or about September 27, 2018, CATALONI and KENNEDY traveled to

Colombia for the purpose of obtaining precious metals to be illegally smuggled into the United States.

18. On or about November 1, 2018, KENNEDY brought and caused to be brought gold into the United States that was not declared to Customs authorities upon arrival in the United States.

## COUNT ONE
## Money Laundering Conspiracy
## (18 U.S.C. § 1956(h))

The Grand Jury charges:

19. The Grand Jury re-alleges and incorporates by reference paragraphs 1-13 of this Indictment.

20. From in or about January 2018, through in or about November 2018, in the District of Massachusetts, and elsewhere, the defendants,

      (1) THOMAS CATALONI, and
      (2) MICHAEL KENNEDY,

conspired with each other and with others known and unknown to the Grand Jury to knowingly engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 by, through, or to a financial institution, where such property was derived from specified unlawful activity, that is, smuggling, in violation of Title 18, United States Code, Section 545, in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

<u>COUNT TWO</u>
Conspiracy to Smuggle Goods into the United States
(18 U.S.C. § 371)

The Grand Jury further charges:

21. The Grand Jury re-alleges and incorporates by reference paragraphs 1-7 and 14-18 of this Indictment.

22. From in or about January 2018 through in or about November 2018, in the District of Massachusetts, and elsewhere, the defendants,

(3) THOMAS CATALONI, and
(4) MICHAEL KENNEDY,

conspired with each other and with others known and unknown to the Grand Jury to commit an offense against the United States, to wit: smuggling, that is, to knowingly and willfully, with intent to defraud the United States, smuggle and clandestinely introduce and attempt to smuggle and clandestinely introduce into the United States any merchandise which should have been invoiced, and made out and passed and attempted to pass, through the customhouse any false, forged, or fraudulent invoice, or other document or paper, all in violation of 18, United States Code, Section 545.

All in violation of Title 18, United States Code, Section 371.

<u>COUNT THREE</u>
Smuggling Goods into the United States
(18 U.S.C. § 545)

The Grand Jury further charges:

23. The Grand Jury re-alleges and incorporates by reference paragraphs 1-7 and 14-18 of this Indictment.

24. On or about November 1, 2018, in the District of Massachusetts, and elsewhere, the defendant,

(2) MICHAEL KENNEDY,

knowingly and willfully, and with the intent to defraud the United States, smuggled and clandestinely introduced, and caused the same, and attempted to smuggle and clandestinely introduce into the United States, and caused the same, merchandise which should have been invoiced and made out and passed, and attempted to pass through the customhouse any false, forged and fraudulent invoice and other document and paper.

All in violation of Title 18, United States Code, Section 545.

## MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

The Grand Jury further finds:

1. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 371, 545 and 1956(h), set forth in Counts One through Count Three, the defendants,

       (1) THOMAS CATALONI, and
       (2) MICHAEL KENNEDY,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, and any property traceable to such property.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

_____
FOREPERSON

_____
JOHN T. MULCAHY
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: November 3, 2022
Returned into the District Court by the Grand Jurors and filed.

                                            11/03/2022
_____
DEPUTY CLERK